UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-83-GWU

JERRY MOYERS, PLAINTIFF,

VS.     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

1

>    impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

09-83  Jerry Moyers

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

3

09-83  Jerry Moyers

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

09-83  Jerry Moyers

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Jerry Moyers, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease of the lumbosacral spine, residuals of a right ankle fracture from 1995, residuals of left knee ligament damage from 1991, limited intellectual functioning, anxiety, and depression. (Tr. 22). Nevertheless, the ALJ concluded that the plaintiff retained the residual functional capacity for a wide range of light level work, and proceeded to apply the Commissioner's Medical-Vocational Rule 202.21 applicable to a person of his age of 46, high school education, and skilled or semi-skilled work experience with no transferrable skills, which directs a conclusion of "not disabled." (Tr. 27-31). The Appeals Council declined to review, and this action followed.

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The ALJ noted in his decision that there were no opinions from treating physicians regarding limitations in his ability to function. (Tr. 29). The ALJ stated that he accepted the opinions of consultative examiners that the plaintiff was limited to light exertion, with the ability to sit, stand, and walk no more than six hours each

7

in an eight-hour day, and occasionally stoop, bend, or reach. (Tr. 27, 29). From a mental standpoint, the ALJ found that the plaintiff could understand, remember, and carry out simple instructions, use judgment, respond appropriately to supervision, coworkers, and usual work situations, and deal with changes in a routine work setting, consistent with the opinion of state agency psychological consultants. (Tr. 27). The plaintiff challenges both of these conclusions on appeal.

Social Security Ruling (SSR) 83-14 notes that the medical-vocational guidelines, commonly known as the grids, do not directly apply where an individual has a non-exertional limitation or restriction imposed by a medically determinable impairment, but that they can be used as a framework for decision-making. However, certain examples are given of non-exertional limitations which do not significantly narrow the range of work individuals can do at different exertional levels. Since the ALJ relied on the grid rules, rather than consulting a Vocational Expert (VE), non-exertional limitations outside the scope of the regulation would require a remand for further consideration.

The most recent consultative physical examiner, Dr. Daniel Sean Stewart, opined that Mr. Moyers would be limited to occasionally lifting 20 pounds, sitting eight hours, standing five hours, and walking four hours in an eight-hour day "with rests," never squatting, crawling, and climbing, occasionally bending and reaching above shoulder level and having a mild restriction on unprotected heights. The

previous consultative examiner, Dr. Christopher Walters, found physical evidence for moderate restrictions in stooping, bending, reaching, sitting, standing, moving about, and lifting and carrying objects.  (Tr. 260).

SSR 83-14 states that most light jobs require gross use of the hands to grasp, hold, and turn objects and that "[a]ny limitation on these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found functionally capable of light work." Id. at 6. Since both consulting physicians upon whom the ALJ explicitly relied found some restriction in reaching, see 20 C.F.R. § 404.1569a(c)(vi), an activity which the Commissioner classifies as a manipulative limitation, the use of the grid rules was improper. This conclusion is buttressed by the fact that Dr. Stewart also found that the plaintiff could "never" climb. (Tr. 352). SSR 85-15, discussing the impact of different postural and manipulative impairments on the unskilled job base, notes that "everyday activities, both at home and at work, include ascending or descending ramps or a few stairs and maintaining body equilibrium while doing so" and that these activities may be critical in some occupations. SSR 85-15, p. 6.[1]

---

[1] The ALJ did not find that the plaintiff had any restriction on climbing, but provided no rationale for disagreeing with Dr. Stewart's assessment, while purportedly adopting consistent restrictions.

In addition, state agency reviewing sources found that the plaintiff needed to avoid concentrated exposure to vibration and avoid all exposure to hazards such as machinery and heights.  (Tr. 272-86).  One of the reviewers indicated that he could never balance.  (Tr. 273).  These additional restrictions would also reinforce the need for the use of a VE.  As the plaintiff points out, the Commissioner's regulations provide that "state agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation," and the ALJ is required to consider their findings using the factors set out at 20 C.F.R. § 404.1527(a)-(e).   20 C.F.R. § 404.1527(f)(2)(ii).  Since no rationale was given for rejecting the opinions of the state agency consultants regarding non-exertional restrictions, the regulation clearly was not complied with.

The plaintiff also objects to the ALJ's rejection of the opinion of Reba Moore, the only psychologist to have examined Mr. Moyers at the time the ALJ had issued his decision.  Moore found that the plaintiff had an anxiety disorder, a depressive disorder, and mild mental retardation, based on IQ scores below 70.  (Tr. 266-9).  However, state agency reviewing sources considered and specifically discounted the Moore report because school records, mental status findings, and the plaintiff's work history did not support the severity of her restrictions.  (Tr. 292).  An ALJ is entitled to accept the opinion of a non-examining source over that of an examiner

where the non-examiner has been able to review a complete record and clearly stated the reasons for the difference of opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present case, the Moore report was discussed and, while some evidence was submitted after the state agency sources completed their reviews, it concerned primarily his physical condition.  Moreover, the state agency reviewers had access to school records and other documentation not available to Moore.  Under the circumstances, the ALJ could reasonably have relied on the non-examining opinions.  Since the case is being remanded on other grounds, however, and the plaintiff submitted a considerable amount of additional documentation regarding mental health treatment after the date of the ALJ's decision, continued reliance on the state agency opinions may not be justified after remand.

The court concludes that the administrative decision was not supported by substantial evidence.  A consistent order and judgment will enter this day.

This the 9th day of December, 2009.



Signed By:

G. Wix Unthank

United States Senior Judge